BAKER, Judge,
concurring in part and dissenting in part.
[31] I respectfully dissent' from the majority on the issue of negligence. To affirm the denial of summary judgment on this issue is, in my opinion, to elevate form over substance to an untenable degree.
[32] To put the facts plainly, Empire Gas contracted with Middleton in 2010 to supply propane to the mobile home he was renting. It is undisputed that Empire Gas provided Middleton with all relevant instructions and safety information. Middleton passed away in July 2011, leaving the propane tank approximately half full. After his death, Empire Gas placed a lock on the POL valve to prevent any unauthorized use. It also placed a red tag on the lock cautioning any reader regarding the danger of propane. Entirely unbeknownst to Empire Gas, the plaintiffs began renting the mobile home in October 2011. Although the landlord directed the plaintiffs to call Empire Gas to hook up the gas line, the plaintiffs never did so. After the lock was mysteriously removed and the gas line mysteriously reconnected, the tragedy occurred.
[33] As the majority notes, a gas company’s duty to use reasonable care extends to the public, its customers, “and third persons who might reasonably be foreseen to be affected by the utility’s provision of service.” S.E. Ind. Natural Gas Co., 617 N.E.2d at 951. In this case, only the latter category of third parties even arguably applies.
[34] Here, Empire Gas did not know that the property was occupied after July 2011. Indeed, Empire Gas did not know that the plaintiffs existed. As a matter of law, I do not believe it is reasonably foreseeable that a new tenant would occupy the property without ever contacting Em-piré Gas to hook up the gas line. In my view, Empire Gas owed the plaintiffs no duty under these circumstances. Consequently, I would reverse the trial court’s denial of Empire Gas’s summary judgment motion on the issue of negligence.
[35] I concur with the majority on the issue of strict liability.